**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LEE VARGEM,

Defendant - Appellant.

No. 12-10628

D.C. No. 5:10-cr-00729-EJD-1

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.**

Vargem appeals his conviction for possession of a machine gun, 18 U.S.C.

§§ 922(o) and 924(a)(2), and possession of an unregistered firearm, 26 U.S.C. §§

5841, 5861(d), and 5871. He contends, first, that the district court erred in denying

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

&ast;&ast; The Honorable William K. Sessions III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

his motion to suppress and, second, that the district court erred in denying him a *Franks* hearing. 438 U.S. 154 (1978).[1]

1.      The district court did not err in holding that the magistrate judge who issued the search warrant had a "substantial basis to conclude that the warrant was supported by probable cause" that evidence of a crime would be found at Vargem's residence. *See United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir. 2004) (internal quotation omitted). Vargem's two arguments to the contrary fail. First, the magistrate judge could reasonably have inferred from the warrant affidavit that Vargem had been informed of a restraining order prohibiting him from possessing firearms at his home or elsewhere. Officer Tuell stated in the warrant affidavit that he had "verified with V[argem]" that Vargem was the subject of a restraining order, and that the restraining order required him to surrender all firearms. The remaining facts in the affidavit permitted the inference that some of the many firearms that Vargem possessed were still in his safe at home. *See* Cal. Fam. Code 6383(e) **(**2010) ("The law enforcement officer's verbal notice of the terms of the [restraining] order shall constitute service of the order and is sufficient notice.");

---

[1] We address Vargem's objections to his sentence in a published opinion filed concurrently herewith.

2

*Illinois v. Gates*, 462 U.S. 213, 240 (1983) (holding that, in judging the facts before him in a warrant affidavit, a magistrate may draw "the usual inferences which reasonable men draw from evidence") (internal quotation omitted).

Second, Vargem's argument that California law did not authorize the search warrant misses the point. The question, for the purpose of the Fourth Amendment, is whether there was probable cause to believe that Vargem was violating the law and probable cause to believe that evidence of this violation would be found at his home. Whether the warrant was authorized under state law regulating the issuance of warrants is irrelevant. *See California v. Greenwood*, 486 U.S. 35, 43 (1988) ("We have never intimated . . . that whether or not a search is reasonable within the meaning of the Fourth Amendment depends on the law of the particular State in which the search occurs.").

2.      The district court did not err in refusing Vargem a *Franks* hearing as Vargem has failed to make a "substantial preliminary showing" that any statement in the warrant affidavit was false, let alone knowingly or recklessly so. 438 U.S. at 155–56. Vargem argues that Officer Tuell's statement in the warrant affidavit that the restraining order required him to "surrender all firearms" was knowingly or recklessly false; under California law, a party once restrained must "relinquish" all

firearms. Cal. Fam. Code § 6389 (2010). We see no material difference between the words "relinquish" and "surrender."

**AFFIRMED.**